**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CLRB HANSON INDUSTRIES, LLC, DBA Industrial Printing; HOWARD STERN, on behalf of themselves and all others similarly situated, | No. 09-17380 |
| | D.C. No. 5:05-cv-03649-JW |
| Plaintiffs - Appellees, | |
| | MEMORANDUM[*] |
| v. | |
| WEISS & ASSOCIATES, PC, | |
| Objector - Appellant, | |
| v. | |
| GOOGLE INC., | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
James Ware, Chief District Judge, Presiding

Argued and Submitted November 28, 2011
San Francisco, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: THOMAS and CLIFTON, Circuit Judges, and PRO, District Judge.**

Weiss & Associates, P.C. appeals from the district court's approval of a class action settlement, approval of the notice to the class of the proposed settlement, and award of attorney's fees. We affirm.

District courts "must direct notice [of a proposed settlement] in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). Our cases require that a settlement notice "describe[] the aggregate amount of the settlement fund and the plan for allocation," *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 962 (9th Cir. 2009), but do not require that such notice allow class members to estimate their individual recovery. *Id.*; *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1374 (9th Cir. 1993)*; Marshall v. Holiday Magic, Inc.*, 550 F.2d 1173, 1177-78 (9th Cir. 1977). It is undisputed that the notice in this case specified the aggregate amount of the settlement and described the plan for allocation to the class. The notice met the requirements of Rule 23(e)(1).

The district court did not clearly abuse its discretion in approving the settlement. *See Rodriguez*, 563 F.3d at 963-64. Plaintiffs' motion for approval

---

** The Honorable Philip M. Pro, District Judge for the U.S. District Court for Nevada, sitting by designation.

identified and applied the factors articulated in *Rodriguez* and our other cases to the settlement. Appellant's objections did not substantively challenge Plaintiffs' analysis. The objections focused principally on the class notice and did not mention the fairness factors. Applying the abuse of discretion standard to the record as a whole, we affirm the district court's conclusion that the settlement met the requirements of Rule 23(e)(2).

The district court adequately described the analysis by which it reached its conclusion approving the settlement in the context of this case. At the fairness hearing, the court explained that its analysis of the proposed settlement and fees award was informed by its deep involvement with the issues in the case and its earlier summary judgment orders, which touched the relevant factors. *See Churchill Vill., L.L.C. v. Gen. Elec*., 361 F.3d 566, 576 (9th Cir. 2004). More might be required of the district court in a case where an objector convincingly questions the settling plaintiffs' analysis or the fairness of the settlement, but Appellant did not do so here. The district court's approval of the proposed settlement met the requirements of Rule 23(e)(2).

Finally, the district court did not abuse its discretion in the award of attorneys' fees. *See Rodriguez*, 563 F.3d at 967. The settlement gives every class member the option to receive its share of the settlement proceeds in cash or cash-

3

equivalent forgiveness of indebtedness already incurred. This is not a "coupon settlement" and therefore does not trigger the Class Action Fairness Act of 2005's limitations on contingent fees awarded in connection with such settlements. *See* 28 U.S.C. § 1712(a). The district court's attorney's fees order was brief, but it referred to Plaintiffs attorneys' substantially uncontradicted evidence and arguments that the requested fees are justified by their work on the case and in line with previous awards in similar cases. The order's findings of fact and conclusions of law were sufficient under Rule 23(h)(3).

**AFFIRMED.**